Elizabeth D. Tate   AZ Bar No. 32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Elisabeth Bui

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Elisabeth Bui,**<br><br>    Plaintiff,<br>v.<br><br>**Bethany Crest Cooperative Corporation No. 5,** an Arizona non-profit corporation<br><br>**Margaret Vittoria, Manager, in her official and personal capacities,**<br><br>**Ralph Caswell, President of Edgewater Board of Directors, in his official and personal capacities,**<br><br>**Stella Gonzalez, Vice-President of Edgewater Board of Directors, in her official and personal capacities,**<br><br>    Defendants. | **Case # 2:21 CV**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Elisabeth Bui, by Elizabeth D. Tate, her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants Bethany Crest Cooperative Corporation No. 5, an Arizona non-profit corporation and Margaret



1

Vittoria in her official and personal capacities, Ralph Caswell, in his official and personal capacities, Stella Gonzalez, in her official and personal capacities, pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a), and 38(a,b):

## 1. Plaintiff's 4 Claims

Plaintiff Elisabeth Bui ("Bui") seek relief against the Defendant, Bethany Crest Cooperative Corporation No. 5, an Arizona non-profit corporation ("Bethany Crest") , and Defendant, Margaret Vittoria, Defendant Ralph Caswell, Defendant Stella Gonzalez, for her  claims:

**1.** 42 U.S.C. 3604(b) Discriminatory Housing  Practices Based on Race  (As to Bethany Crest only)

**2.** 42 U.S.C. 1981 Race Discrimination in the Making of a Contract. (As to all Defendants)

**3.** False imprisonment (As to both Defendants  Bethany Crest, Vittoria, and Gonzalez)

**4.** Assault and battery (as to  Defendants Bethany Crest and Vittoria)

## 2.  PARTIES, JURISDICTION AND VENUE ALLEGATIONS

**3.**  Plaintiff Elisabeth Bui was  at all times material to this Complaint:

(A)  an adult French Vietnamese  resident of Maricopa County, Arizona.

(B)  An "aggrieved person" as those terms are defined in 42 U.S.C. 3602(a)(i)(1) whose rights are protected under the Fair Housing Act.

(C) Suffered a distinct and palpable injury as a result of Defendants' discriminatory practices.

4. At all times material to this Complaint, Bethany Crest has been, and is:

(A) An Arizona non-profit corporation.

(B) Operating Bethany Crest, a cooperation offering dwellings as apartment homes in Phoenix, Arizona. Bethany formed the Edgewater Board of Directors to manage Bethany Crest business.

(C) Hired Margaret Vittoria as manager for Bethany Crest.

(D) Responsible for its manager's, Margaret Vittoria's racially discriminatory decision to discriminate against Bui under the legal theory of respondeat superior.

**5**. At all times material to this Compliant, Defendant Margaret Vittoria has been and is:

(A) Caucasian Manager for Bethany Crest.

(B) Personally, involved in Defendant Bethany Crest's decision to discriminate against Bui by refusing to fairly administer Bethany Crest's Rules and Regulations.

(C) Acting in the scope of her employment in furtherance of Bethany Crest's business interests as she interacted with Bui when she imposed fines and falsely imprisoned Bui to meet with Bui alone.

**6.** At all times material to the Complaint, Defendant Ralph Caswell has been and is:

(A) A Caucasian President of Edgewater Board of Directors.

(B) Personally, involved in discriminating against Bui by following her using profaned mean words and also blocking to her apartment while smoking in a "non-smoking zone" and harassing her throughout Bui's tenancy at Bethany Crest.

(C) Acting in the scope of his duties of his role as Board Member of Edgewater Board of Directors to harass Bui and voted to find Bui in default of her agreement with Bethany Crest.

**7.** At all times material to the Complaint Defendant Stella Gonzalez has been



and is:

(A) A Hispanic Vice-President of Edgewater Board of Directors.

(B) Personally, involved in discriminating against Bui by harassing and discriminating against Bui by smoking near Bui's apartment, slamming doors and voting to find Bui in default of her agreement with Bethany Crest.

**8.** The apartment Bethany Crest offered to Bui was part of a "planned community". It is a "dwelling as defined by 42 U.S.C. 3602(b).

**9**. All events alleged herein occurred within Maricopa County, Arizona, and therefore this Court (Phoenix Division) is the correct and appropriate venue for this action pursuant to 28 U.S.C. 1391(a)(3,4).

**10**. Two of Bui's claims arise from federal statutes, and therefore this Court has original subject matter jurisdiction pursuant to 28 U..C. 1331, and specific subject matter jurisdiction pursuant to 42 U.S.C. 3613(a)(1)(A). This Court has supplemental jurisdiction over Bui's other 2 state law claims under 28 U.S.C. 1367(a).

### 3. Fact Allegations Supporting Claims

**11.** On November 15, 2015, Elisabeth Bui, "Bui" purchase a certificate of membership for one share of stock from Bethany Crest that gives her the right to live at 2528 W. Berridge Lane, #E220 in Phoenix, Arizona.

**12**. Bui quietly enjoyed her property until 2017, when Stella Gonzalez, a neighbor and member of Bethany Crest Board, took issue with her over a leak in Bui's plumbing that leaked into Gonzalez's apartment. On January 11, 2017, Gonzalez unreasonably would not permit Bui's plumber, Roto Rooter, to enter Gonzalez's apartment to repair the leak. Bethany Crest sided with Gonzalez who was a board member. Bethany Crest made demands of Bui to fix Ms. Gonzalez's apartment with Parker's and Sons who was more expensive and included



unnecessary repairs that were not related to the leak.  Bethany Crest's actions were unfair and discriminatory.  For example, Bui was given 10 days to repair Gonzalez's apartment when the Occupancy Agreement actually granted Bui 30 days to complete the repairs. See Exhibit 1 Occupancy Agreement  In effort to keep the peace, Bui agreed to Gonzalez's and Bethany Crest unreasonable demands and considered the matter resolved. See Exhibit 2 Invoice from Parker & Sons.  Also, Gonzalez permitted Caswell to enter into Gonzalez apartment to take a flashlight and shining up a pipe leading to Bui's bathroom to observe Bui using the bathroom.

**13**.   However, in 2018, when Bui came to pay her carrying charges associated with her ownership of her stock certificate, Bui experienced racial hostility from Defendant Margaret Vittoria, the  Caucasian manager, who looked at Bui disdainfully and said, "Don't look at me like that with your Asian eyes". Shocked and humiliated, Bui dropped off her check and left the office. Vittoria's racist attitude as demonstrated by her racist comment affected all of Bui's dealings with Bethany Crest.

**14**. The Bethany Crest established the Bethany Crest Occupancy Rules and Regulations for the residents at Bethany Crest to follow. The Occupancy Rules and Regulations provide fines as a mechanism to ensure the residents' compliance.  Bethany Crest and Vittoria applied the Occupancy Rules and Regulations as a mechanism to discriminate against Bui by applying them disparately to Bui and to refuse to apply them to its Caucasian residents who discriminated against Bui.

**15.** On October 8, 2019 Bui was fined for alleged noise when the noise actually came from Stella Gonzales and Ralph Caswell. On October 17, reimbursement for deductible insurance and on December 17, 2020 Bui was



charged unfairly reimbursement for Hotel January 2017 for Stella Gonzales. Those fees are unrelated with the corporation but were a personal attack and unfair to Bui.

**16.**   On November 29, 2019, a Hispanic resident, Stella Gonzalez and Caucasian resident, Ralph Caswell were loudly carrying on a conversation in the breezeway near Bui's unit.  Bui requested Gonzalez and Caswell to end their conversation in the breezeway because she could hear it and they disturbed her peace.  Bui complained to Defendant Vittoria about the incident, but Vittoria took no action to fine Gonzalez and Caswell.

**17**.   On December 14, 2019, Bui sent an email to Bethany Crest management to complain that Gonzalez and Caswell slammed doors and smoked cigarettes in a "non-smoking zone" nearby Bui's apartment, but Bethany Crest took no action to fine Gonzalez and Caswell.  Bethany Crest treated Bui disparately by ignoring her complaints of violations of the Occupancy Rules and Regulations by Non-Asian residents while fining Bui for her conduct. See Exhibit 3 Emails from Bui.

**18**. Bethany Crest resident Edward Zorn, Caucasian, received three warning for visitor noise violations and never had to pay any fines for his visitors making noise. Another Bethany Crest upstairs resident of Betty, Caucasian received warnings for making noise or no warnings and never had to pay fines for any noise violations.  However, on October 12th, 2020, through October 17, 2020, Bethany Crest immediately fined Bui for her ingress and egress, while moving out of her rightfully owned unit.  Bui was never given a warning, which is usual and customary in this situation.  Bethany Crest treated Bui disparately because of her race in the application of the Bethany Crest Occupancy Rules and Regulations.  Bethany Crest repeatedly fined Bui and employed an attorney to collect the unfair fines.

**19**. Bui had been utilizing the convenience of making ACH transactions to pay her carrying charges. Bethany Crest took advantage of Bui to collect its unfair and discriminatory fines. For the carrying charge in January of 2018, Thomas Loegering charged the fees to a bank account Bui had told him was closed and not to use the account. Loegering used the account anyway and claimed Bui had passed an NSF check and charged her a fee which was not true and unfair. On October 7, 2019, Defendant Vittoria charged Bui through and ACH transaction to collect a fifty dollar fine from Bui without Bui's consent. After Bui protested, Bethany Crest refused to accept Bui's carrying charges by ACH transaction and charged Bui a five-dollar fee for accepting Bui's carrying charges by check. See Exhibit 3 Emails from Bui.

**20**. On January 3, 2020 Vittoria was still claiming that Bui still owed a plumbing bill from the leak in Gonzalez's apartment that has been fully paid off since April 5, 2019. On January 30, 2020, Bui requested a meeting with Vittoria's assistant, Thomas J. Loegering, Jr. alone to discuss and recoup her charges for unfair plumbing charges and fines, but Caswell and Gonzalez blocked the meeting and told Bui that she could not meet with Loegering unless they were present. A few months later, Vittoria told Bui that she could not have a meeting with Loegering at all.

**21**. On March 25, 2020, Bethany Crest convened a meeting to elect a board of directors. The residents were given three-weeks' notice of the hearing. Bethany Crest refused to accept Bui's carrying charges for January, February, and March of 2020, so when Bui attempted to attend the meeting, Defendant Vittoria denied her entrance claiming Bui was in default and did not permit Bui to attend or vote in the meeting.

**22.** On August 19, 2020, Defendant Vittoria harassed Bui about Bui placing



covering on Bui's car to protect the car which was parked on the street. Vittoria threatened to tow Bui's car if the covering was not removed. There is no policy at Bethany Crest concerning car covers.

**23**. In October of 2020, Bui encountered a grocery cart by the stairs leading to her apartment. Bui moved the grocery cart to the dumpster pursuant to Bethany Crest policy. Gonzalez and with her visitor, Lori, confronted Bui to tell her, "You better put that cart back!". Bui complained to Vittoria, but nothing was done.

**24**. On October 3, 2020, fed up with discrimination, Bui gave Bethany Crest notice that she intended to sell her share of stock. Bethany Crest refused to permit Bui to sell since February 22, 2018, claiming that she owned money from the discriminatory fines and attorney's fees it had racked up against her. See Exhibit 4 Attorney Fee Ledger. Bui tried to pay the fines and attorney's fees, but Bethany Crest was not satisfied, instead demanding more fees and attorney's fees. Bui had no choice but to move. See Exhibits 5 and  Letters from Bethany Crest.

**25**. On October 29, 2020, Bui called Vittoria to set a meeting to resolve the conflict between her and Bethany Crest. Bui went to the office at about four o'clock p.m. When Bui entered the office, Vittoria locked Bui into the office. Defendant Gonzalez was hiding in the back of the office. Bui informed Vittoria that she wanted her sister, Mida Bui to be present at the meeting. Vittoria refused to invite Mida Bui into the meeting, so Bui expressed a desire to leave the office. Bui tried to leave, but Vittoria stood at the door to block Bui from leaving. Gonzalez then came out from hiding and joined Vittoria in detaining Bui. Afraid for her safety, Bui screamed for help. Vittoria grabbed both of Bui's arms to make Bui stop screaming for help. Mida Bui who was not far away, heard Bui's cries for help. Mida Bui called the police to free her sister. Vittoria unlawfully detained Bui in the office. Only when the police arrived did Vittoria permit Bui to leave the office. Vittoria

engaged in harmful offensive contact with Bui by grabbing Bui's arms to try make her stop screaming. Due to the harassment and discrimination, Bui had no choice but to move.

**26**. On November 12, 2020, the day Bui moved out, Bethany Crest imposed more unfair charges for Bui making noise while moving out. When Bui went to the office to return the keys ot her apartment, Defendant Vittoria, and board members, Stella Gonzalez and Ralph Caswell were in the office. Defendant Vittoria refused to accept Bui's keys and threw the keys at Bui. Bui picked up the keys and tried to return them again. This time, Caswell threw the keys at Bui and lost them. Gonzalez then called the police to falsely assert that Bui was in violation of an order of protection that Gonzalez filed against Bui. The police investigated and found Gonzalez's assertion to be false and unfounded.

**27**. The conduct of Bethany Crest through its manager, Margaret Vittoria, and board members Caswell and Gonzalez alleged herein violated:

(A) 42 U.S.C 3604(b) by refusing to fine Non-Asian residents for noise violations while fining Bui and unjustifiably blocking Bui from participating in the election of a board of directors by placing Bui in default when it refused to collect Bui's carrying charges.

(B) 42 U.S.C. 1981 by depriving Bui from enjoying all benefits, privileges, and terms of a contractual relationship as enjoyed by white citizens because of her race.

**28.** Bui attempted to enjoy the benefits of her contract with Bethany Crest as described above. Bethany Crest denied Bui the benefits of her contract through its actions as describe above. Similarly situated Non-Asian residents at Bethany Crest were not denied the benefits of their contracts as described above.

**29**. The conduct of Defendant alleged herein caused Bui to suffer damages including, inter alia, emotional distress and humiliation, causing Bui to feel like a second-class citizen. Bui was compelled to move from her home to be free from harassing race discrimination.

**30**. Bui should be awarded punitive damages pursuant to 42 U.S.C. 3604(b) by engaging in discriminatory practices as prohibited by the Fair Housing Act and discrimination in the making of a contract, 42 U.S.C. 1981.

## 4. JURY TRIAL DEMAND

Plaintiff Elisabeth Bui demands a jury trial on her four claims herein, pursuant to the United States Constitution Seventh Amendment and FRCP Rule 38(a,b).

## 5. RELIEF REQUESTED

Wherefore, based upon the foregoing, Plaintiff Elisabeth Bui respectfully requests the following relief:

**Count One  42 U.S.C. 3604(b) Discriminatory Housing Practices Based on Race  (As to Bethany Crest only)**

1. Compensatory damages
2. Punitive damages
4. Plaintiffs' reasonable attorneys' fees incurred herein, pursuant to 42 U.S.C. 3613(c)(2), and FRCP Rule 54(d)(2)
5. Plaintiffs' costs incurred herein pursuant to 42 U.S.C. 3613(c)(2), and FRCP Rule 54(d)(1).



## Count Two 42 U.S.C. 1981 Discrimination in the Making of a Contract (As to both Defendants)

1. Compensatory damages

2. Punitive damages

2. Plaintiffs' reasonable attorneys' fees incurred herein.

3. Plaintiffs' taxable costs incurred herein pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920.

## Count Three: False Imprisonment as to both Defendants

1. General and compensatory damages in an amount to be determined by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier of fact.

3. Taxable costs pursuant to A.R.S. 12-341 and A.R.S. Rules of Civil Procedure, Rule 54(f)

## Count Four: Assault and Battery as to both Defendants

1. General and compensatory damages in an amount to be by the trier-of-fact.

2. Punitive damages in an amount to be determined by the trier-of-fact.

3. Taxable costs pursuant to A.R.S. 12-341 and A.R.S. Rules of Civil Procedure, Rule 54(f)

Respectfully submitted on this June 18, 2021

/s/ Elizabeth D. Tate
Elizabeth D. Tate
Attorney for Plaintiff Elisabeth Bui



11

